# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOSE M. ALVAREZ | : | |
|     Petitioner, | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| UNITED STATES OF AMERICA | : | |
| and WARDEN BRYAN ANTONNELLI, | : | NO. 18-4072 |
|     Respondents. | : | |

## **MEMORANDUM**

PRATTER, J.                                                                                                                                       OCTOBER 22, 2018

On September 20, 2018, Petitioner Jose M. Alvarez filed a petition for *habeas corpus* relief pursuant to 28 U.S.C. § 2241. Mr. Alvarez challenges the validity of his indictment and his guilty plea. Mr. Alvarez also claims that his prior state court convictions do not qualify as predicate offenses to support his classification as a career offender for purposes of the federal court's sentencing following his 2009 conviction. However, Mr. Alvarez may not pursue these claims pursuant to 28 U.S.C. § 2241.

A specific statute takes precedence over a more general statute, and because 28 U.S.C. § 2255 is more specific than § 2241, a federal prisoner may only invoke § 2241 if § 2255 is inadequate to provide relief from custody. *See Cradle v. US ex rel Miner*, 290 F.3d 536, 538–39 (3d Cir. 2002). A 28 U.S.C. § 2255 petition is inadequate "only where the petitioner demonstrates that some limitation of scope or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication of his wrongful detention claim." *Id.* at 538 (citations omitted). "It is the inefficacy of the remedy, not the personal inability to use it, that is determinative." *Id.* (citation omitted). Therefore, 28 U.S.C. § 2255 is not inadequate "merely because . . . the petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255." *Id.* at 539 (citations omitted).

For Mr. Alvarez, 28 U.S.C. § 2255 is adequate because his petition is based on the validity of

his conviction and sentence. *See Woodruff v. Lappin*, 230 Fed. Appx. 220, 221 (3d Cir. 2007) (citing *Davis v. United States*, 417 U.S. 333 (1974)) (stating that a § 2255 motion is "the presumptive means for a federal prisoner to challenge the validity of a conviction or sentence"). Consequently, Mr. Alvarez may not seek relief pursuant to 28 U.S.C. § 2241 because § 2255 is not inadequate to provide the requested relief.

Mr. Alvarez first sought collateral relief when he filed a motion to vacate his sentence under 28 U.S.C. § 2255 on November 4, 2011. Pro Se Motion to Vacate/Set Aside/Correct Sentence Under 28 U.S.C. § 2255, United States v. Alvarez, CR. No. 08-0434 (E.D. Pa. Nov. 4, 2011), ECF No. 44. Thus, the instant petition must be dismissed as an unauthorized second or successive petition. Mr. Alvarez may not file a second or successive petition for relief pursuant to 28 U.S.C. § 2255 without first obtaining authorization from a Court of Appeals. Likewise, Mr. Alvarez may not circumvent the prohibition against filing an unauthorized successive petition pursuant to § 2255 by filing a petition pursuant to § 2241. The United States Court of Appeals for the Third Circuit denied Mr. Alvarez's request to file a second or successive petition pursuant to 28 U.S.C. § 2255 on May 26, 2016. Order Denying Application Under 28 U.S.C. §§ 2244 and 2255 for Permission to File a Second or Successive Motion under 28 U.S.C. § 2255, United States v. Alvarez, CR. No. 08-0434 (3d Cir. May 26, 2016), ECF No. 58. Therefore, this Court lacks jurisdiction to consider the claims raised in the instant petition, and it must be dismissed for lack of jurisdiction. *See United States v. Baptiste*, 223 F.3d 188, 190 (3d Cir. 2000). An appropriate order follows.

BY THE COURT:

S/Gene E.K. Pratter
GENE E.K. PRATTER
UNITED STATES DISTRICT JUDGE